Case 4:25-cv-00591   Document 12   Filed on 04/17/25 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
April 18, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEDRIEN DEMOSE BOOKER, TDCJ–CID # 02425926, | § § § § § § § § § § § | |
| *Plaintiff*, | | |
| v. | | Civil Action No. H-25-0591 |
| CODY ARMSTRONG, *et al.*, | | |
| *Defendants*. | | |

**MEMORANDUM OPINION AND ORDER**

State prisoner Kedrien Booker, proceeding *pro se* and *in forma pauperis*, filed a civil complaint under 42 U.S.C. § 1983 against nine or more Texas Department of Criminal Justice ("TDCJ") officers at the Wynne Unit.

Having screened the complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A, the Court **DISMISSES** this lawsuit for the reasons shown below.

**I. BACKGROUND AND CLAIMS**

Plaintiff claims that, on January 2, 2025, while confined at the Wynne Unit, he attempted to enter the chow hall between 8:00 p.m. and 9:39 p.m. He was stopped by one or more of the defendant prison officers and ordered to return to his cell as he did not have an identification card. Plaintiff refused to leave, arguing that he had the right to eat dinner. He states that two or more of the defendants then used excessive force to remove him from the area, causing him physical injuries. He complains that other defendant prison officers stood by and failed to stop the use of force. Plaintiff seeks monetary damages.

Plaintiff states under penalty of perjury that he exhausted his Step 1 and Step 2 grievances prior to signing and mailing this lawsuit on February 2, 2025. (Docket Entry No. 1, pp. 4, 13.)[1] The exhibits submitted by plaintiff with his complaint, and factual allegations pleaded by plaintiff as to the date of the incident and the date he filed this lawsuit, show that he did not exhaust his administrative remedies prior to filing this lawsuit.

## II. ANALYSIS

A.   Exhaustion

Prisoners are required to exhaust all administrative remedies available through the prison's grievance process prior to filing a civil lawsuit under § 1983. *Huskey v. Jones*, 45 F.4th 827, 831 (5th Cir. 2022). This requirement "applies to all inmate suits about prison life," including those alleging use of excessive force. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A prisoner must complete the administrative remedies process in accordance with all procedural rules, including deadlines, as a condition to bringing suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 83 (2006).

Because plaintiff was in TDCJ custody at the time of the incident made the basis of this lawsuit, TDCJ grievance procedures apply to his claims. These procedures are set out

---

[1] Plaintiff also states under penalty of perjury in his complaint that he filed only one other lawsuit relating to his incarceration. The Public Access to Court Electronic Records (PACER) website shows that plaintiff currently has on file ten civil lawsuits relating to his incarceration, six of which were on file at the time he filed the instant lawsuit. All of the lawsuits involve TDCJ defendants and were filed between September 9, 2024 and April 8, 2025.

in the *TDCJ Offender Orientation Handbook* (the "*Handbook*"). Texas state inmates must follow an established, formal grievance procedure before filing suit. In particular:

> Prior to filing a grievance, an inmate must try to resolve the issue informally. If that does not work, the prisoner must file a Step 1 grievance within 15 days of the "alleged incident or occurrence." When filing a grievance, an inmate must "clearly state[ ]" "[t]he specific action required to resolve the complaint." Prison officials then have 40 days to decide the grievance. If the prisoner remains dissatisfied, he may appeal by filing a Step 2 grievance within 15 days. Prison officials have another 40 days to issue a decision on the appeal. Only after exhausting both steps of that grievance process may a prisoner file suit.

*Ramirez v. Collier,* 595 U.S. 411, 421–22 (2022) (quoting the *Handbook*, pp. 73–75). The *Handbook* also states that grievances cannot be submitted "in excess of one every seven days." *Handbook*, p. 75.

The Supreme Court of the United States has held that failure to exhaust prison administrative remedies is an affirmative defense for which defendants bear the burden of proof. *Jones v. Bock,* 549 U.S. 199, 216 (2007). Accordingly, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Id.*

Nevertheless, the United States Court of Appeals for the Fifth Circuit has held that, even under *Jones,* "a court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust." *Carbe v. Lappin,* 492 F.3d 325, 328 (5th Cir. 2007). The Fifth Circuit cautions, however, that "a district court cannot by local rule sidestep *Jones* by requiring prisoners to affirmatively plead exhaustion." *Id.* Thus, a court cannot dismiss a

civil complaint as unexhausted, *sua sponte*, if a prisoner plaintiff checks a box, or answers a question, stating that he did not exhaust his administrative grievances. *See, e.g., Khalil v. Dep't of Corrections*, 2023 WL 4401116, *1 (5th Cir. Jul. 7, 2023) (noting that district court improperly relied on form complaint's questions to determine that prisoner's claims were unexhausted). On the other hand, a court may dismiss a prisoner's civil complaint as unexhausted, *sua sponte*, if the prisoner's factual allegations independently show that he did not exhaust his administrative grievances prior to filing suit. *Carbe*, 492 F.3d at 328.

B.   Non-compliant Grievance

Although plaintiff asserts that he exhausted his Step 1 and Step 2 grievances prior to filing this lawsuit, his assertion is refuted by the exhibits attached to his complaint. Plaintiff's Step 1 grievance, submitted shortly after the incident of January 2, 2025, was returned unprocessed by prison officials on January 6, 2025, with a notation of "Submission in excess of 1 every 7 days." (Docket Entry No. 1, p. 10.) By not following TDCJ's written rules and regulations for submitting grievances, plaintiff did not comply with prison grievance procedures and did not exhaust his administrative remedies.

In the instant case, plaintiff incorporated exhibits into his complaint that affirmatively established that he failed to exhaust his administrative remedies prior to filing suit. The lawsuit will be dismissed without prejudice for failure to exhaust.

4

C.  Time Requirements

The incident made the basis of plaintiff's lawsuit occurred on January 2, 2025. Plaintiff states on his signature page that he mailed his lawsuit to the Court on February 2, 2025, thirty days after the incident. (Docket Entry No. 1, p. 13.) The Court takes judicial notice of the fact that, given the grievance time requirements set out in the *Handbook, supra*, the TDCJ Step 1 and Step 2 grievance process cannot be fully exhausted within thirty days. Consequently, plaintiff's factual allegations as to the date of the incident and the date he executed and mailed his complaint independently demonstrate that he did not exhaust his prison grievance remedies prior to filing this lawsuit.

Plaintiff did not exhaust his prison grievances prior to filing this lawsuit, and the lawsuit must be dismissed without prejudice as unexhausted. This dismissal does not prevent plaintiff from timely refiling his lawsuit following exhaustion of his claims.

### III. CONCLUSION

For the reasons shown above, this lawsuit is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted predicated on failure to exhaust. 28 U.S.C. §§ 1915(e), 1915A. Any and all pending motions are **DISMISSED AS MOOT**.

This dismissal constitutes a **STRIKE** for purposes of 28 U.S.C. § 1915(g), and stands as plaintiff's second strike. *See Booker v. Rushia*, C.A. No. 7:24-CV-0154-O (N.D. Tex. Mar. 3, 2025) (dismissed for failure to state a claim upon which relief can be granted). Plaintiff is **WARNED** that if he acquires a total of three strikes, he will be permanently

barred from proceeding *in forma pauperis* in federal district or appellate courts while incarcerated or detained in any facility, unless he shows he is under imminent danger of serious physical injury at the time of filing.

Signed at Houston, Texas, on this the 17th day of April, 2025.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE